UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Susan J. Thorn,

Plaintiff,

Case File No. 00-1138 ADM/SRN

v.

Metropolitan Council, a public corporation and political subdivision of the State of Minnesota, a.k.a. Metro Transit, Amalgamated Transit Union, and Amalgamated Transit Union, Local 1005,

Defendants.

**STIPULATION TO PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties hereto, through their respective counsel, that all discovery conducted in this action be subject to the attached Protective Order.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation together with the attached Protective Order may be presented to the Court for entry without hearing or appearance by counsel.

Dated: April 2, 2001

**LAW OFFICES OF**
**SONJA DUNNWALD PETERSON**

By Sonja D. Peterson
Sonja Dunnwald Peterson, #169249
1150E Grain Exchange Building
412 South Fourth Street
Minneapolis, MN 55415
Telephone: (612)347-0043
Attorneys for Plaintiff

Dated: Apr 3, 2001

**GREGG M. CORWIN**
**ASSOCIATES LAW OFFICE, P.C.**

By Gregg M Corwin
Gregg M. Corwin # 19033
Susanne J. Fischer # 285353
Suite 508, 1660 South Highway 100
St. Louis Park, MN 55416-1534
(952) 544-7774
Attorneys for Defendants A.T.U. & Local 1005

FILED APR 06 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Susan J. Thorn,

Plaintiff,

Case File No. 00-1138 ADM/SRN

v.

Metropolitan Council, a public corporation and political subdivision of the State of Minnesota, a.k.a. Metro Transit, Amalgamated Transit Union, and Amalgamated Transit Union, Local 1005,

Defendants.

**PROTECTIVE ORDER**

The above-entitled matter was presented before the undersigned on Apr. 5, 2001.

Based upon all the files, records and proceedings herein, including arguments of counsel,

**IT IS HEREBY ORDERED:**

1. Until further order of this Court, or Stipulation by Susan J. Thorn and Amalgamated Transit Union and Amalgamated Transit Union, Local 1005, discovery in this action shall be subject to this Protective Order.

2. "Confidential information" shall include all information, whether contained in documents, testimony or otherwise, that pertains to Susan J. Thorn's medical and/or psychological condition.

3. All "confidential information" produced or exchanged in the course of this litigation shall be used solely for the purpose of this litigation.

4. "Confidential information" as used herein means any type or classification of information which is designated herein as confidential, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an

answer to an interrogatory, information obtained through subpoena from any source, or otherwise.

5. "Confidential information" shall not be disclosed to any person except counsel for the parties, their respective staffs, parties to the action, witnesses, known or prospective, and experts retained for this action. All persons to whom counsel discloses any "confidential information" shall, before receiving such disclosure, be furnished a copy of this Protective Order be instructed by counsel that such information must be kept confidential and be used only in preparation for pretrial and trial of this action, and sign the "Agreement To Be Bound By Protective Order," a copy of which is attached hereto as Exhibit A. However, nothing contained herein shall prohibit or preclude any person from testifying under oath in any depositions, hearing or trial in this action regardless of whether such testimony is based on or related to information that became known to the person testifying by virtue of the dissemination of the "confidential information" as referred to herein.

6. There shall be no reproduction whatsoever of "confidential information" except as required in this litigation. Copies, excerpts, or summaries of "confidential information" may be shown or given to those authorized to receive "confidential information" pursuant to this Protective Order, and this Protective Order applies in full to any such copies, excerpts, or summaries.

7. Within sixty (60) days of the final termination of this action, including all appeals, counsel for the parties shall be responsible for returning to counsel for Susan J. Thorn all "confidential information," including originals, copies, excerpts, summaries or other materials derived from such information (but specifically excluding deposition transcripts, deposition summaries, and material subject to the protection of the work-product doctrine) that is in the possession, custody and/or control of the counsel, the party and/or anyone to whom such

information was provided pursuant to this Protective Order.

8. The "confidential information" shall remain confidential after the termination or conclusion of this action and may not be used in any other matter or for any other purpose without the prior written consent of Susan J. Thorn.

9. The obligations set forth in this Protective Order shall not only be in force for the period of this litigation, but shall remain in effect subsequent to its termination so as to protect the confidentiality of the discovery.

Dated: April 5, 2001

Susan Richard Nelson
Susan Richard Nelson
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.